FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 APR -4 PM 3:47

OLLIE DAWKINS, )
)
   Plaintiff, )
)
v. ) Case No. 6:16-CV-567-ORL-28-GJK
)
NAVIENT SOLUTIONS, INC. )
)
   Defendant. )

## PLAINTIFF'S COMPLAINT

Plaintiff, OLLIE DAWKINS ("Plaintiff"), through his attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, NAVIENT SOLUTIONS, INC., ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq. ("TCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 ("FCCPA").

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not

1

universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 1367.

8. This Court has federal question jurisdiction over Plaintiff's TCPA claims because these

allegations arise out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

9. This Court has supplemental jurisdiction over Plaintiff's FCCPA claims pursuant to 28 U.S.C. §1367, which grants this Court supplemental jurisdiction over Plaintiff's state claims.

10. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

### PARTIES

11. Plaintiff is a natural person residing in Orlando, Orange County, Florida.

12. Plaintiff is a consumer as that term is defined by the FCCPA.

13. Plaintiff allegedly owes a debt as that term is defined by the FCCPA.

14. Defendant is a debt collector as that term is defined by the FCCPA.

15. Within the last two years, Defendant attempted to collect a consumer debt from Plaintiff.

16. Within the last two years, Defendant communicated with Plaintiff as that term is defined by the FCCPA.

17. Defendant is a collection agency located in Wilmington, New Castle County, Delaware.

18. Defendant is a business entity engaged in the collection of debt within the State of Florida.

19. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

20. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

21. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

22. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

23. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

24. As noted above, in 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

25. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

26. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

27. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on

behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

28. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

29. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011) (emphasis original).

## FACTUAL ALLEGATIONS

30. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating from Plaintiff's daughter's student loan account on which Plaintiff is a co-signor.

31. The alleged debt owed arises from transactions for personal, family, and household purposes.

32. In or around January 2016, Defendant began calling Plaintiff on Plaintiff's cellular telephone at xxx-xxx-9631 in an attempt to collect the alleged debt.

33. Defendant places calls to Plaintiff from 317-550-5589, which is one of Defendant's telephone numbers.

34. Defendant calls Plaintiff at an annoying and harassing rate, calling an average of two to three times per day.

35. Plaintiff has answered several calls from Defendant and spoken with Defendant's collectors.

36. On or around February 1, 2016, Plaintiff answered a phone call from Defendant, waited to be connected with a live person, and then told Defendant's collector to stop calling Plaintiff.

37. Despite Plaintiff's request to stop calling, Defendant continued to place collection calls to Plaintiff in an attempt to collect the alleged debt.

38. On or around February 2, 2016, Plaintiff answered a phone call from Defendant, waited to be connected with a live person, and again told Defendant's collector to stop calling Plaintiff.

39. Nonetheless, Defendant continued to place repeated collection calls to Plaintiff in an attempt to collect the alleged debt.

40. On or around February 3, 2016, Plaintiff answered yet another phone call from Defendant, waited to be connected with a live person, and told Defendant's collector a third time to stop calling Plaintiff.

41. Defendant called Plaintiff using an autodialer system.

42. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. §227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

43. Defendant's phone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

44. Plaintiff never provided his cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

45. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

46. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

47. Even if Defendant at one time had Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone, that consent was revoked when Plaintiff spoke on the phone to Defendant and told Defendant to stop calling Plaintiff.

48. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

49. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

50. Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, *as* evidenced by the pre-recorded nature of the calls.

51. These phone calls were made without the prior express consent of Plaintiff.

52. Defendant's conduct therefore violated the TCPA by:
    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, OLLIE DAWKINS, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, INC., for the following:

53. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

54. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

55. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

56. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

62. Plaintiff repeats and realleges paragraphs 1-49 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

63. Defendant violated the FCCPA based on the following:

   a. Defendant violated §559.72(7) of the FCCPA by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of his family, when Defendant continued to place collection calls to Plaintiff and Plaintiff's family members after Plaintiff requested Defendant stop calling several times.

WHEREFORE, Plaintiff, OLLIE DAWKINS, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, INC., for the following:

64. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77,

65. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77,

66. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. 559.77(2); and

67. Any other relief that this Honorable Court deems appropriate.

DATED: March 29, 2016                    RESPECTFULLY SUBMITTED,

By: /s/ Shireen Hormozdi
Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiff